Andrew A. Bao, Esq.
Nevada State Bar No. 10508
*aabao@wolfewyman.com*
WOLFE & WYMAN LLP
6757 Spencer Street
Las Vegas, Nevada 89119
Telephone:  (702) 476-0100
Facsimile:  (702) 476-0101

Attorneys for Defendants
GREEN TREE SERVICING LLC and
FEDERAL NATIONAL MORTGAGE ASSOCIATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE CIPRIANI,<br><br>          Plaintiff,<br>   v.<br><br>GREEN TREE SERVICING, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; DOES 1 though 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>          Defendants. | Case No.  2:14-cv-00612 RFB CWH<br><br>**STIPULATION AND  ORDER OF DISMISSAL** |

IT IS HEREBY STIPULATED by and between the Plaintiff, ARLENE CIPRIANI, ("Plaintiff") and Defendants DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION (collectively, "Defendants") (collectively "Parties"), by and through the undersigned counsel, as to the following:

## RECITALS

WHEREAS, the Parties have executed a loan modification agreement, a copy of which is attached hereto as **Exhibit A**;

WHEREAS, the Parties agree that the execution and performance of **Exhibit A** fully resolves all of Plaintiff's claims against Defendants in this action.

1
**STIPULATION AND ORDER OF DISMISSAL**

2482939.1

**STIPULATION**

IT IS HEREBY STIPULATED that this action be fully dismissed with prejudice against Defendants DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION.

**IT IS SO STIPULATED.**

DATED:  July 13, 2016.                                         DATED July 13, 2016.

| **WOLFE & WYMAN LLP** | **LEGAL AID CENTER OF SOUTHERN NEVADA, INC.** |
|---|---|
| /s/ Andrew A. Bao  (SBN 10508) | /s/ Debra Bookout  (SBN 11765) |
| Andrew A. Bao, Esq. | Debra A. Bookout, Esq. |
| Nevada State Bar # 10508 | Nevada Bar No. 11765 |
| 6757 Spencer Street | 725 E. Charleston Blvd. |
| Las Vegas, NV  89119 | Las Vegas, Nevada 89104 |
| Tel: (702) 476-0100 | Telephone: (702) 386-1070 |
| Fax: (702) 476-0101 | FACSIMILE: (702) 386-1437 |
| *Attorneys for Defendant Ditech Financial LLC fka Green Tree Servicing, LLC and Federal National Mortgage Association* | *Attorneys for Plaintiff* |

**ORDER**

By stipulation of the parties and good cause appearing therefor, it is hereby ordered as follows:

IT IS HEREBY ORDERED that this action be fully dismissed with prejudice against Defendants DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION.

IT IS SO ORDERED.

DATED: July 15, 2016

RICHARD F. BOULWARE, II
United States District Judge

Submitted by:

WOLFE & WYMAN LLP

By: /s/ Andrew A. Bao  (SBN 10508)
Andrew A. Bao, Esq.
Nevada Bar No. 10508
*aabao@wolfewyman.com*
WOLFE & WYMAN LLP
6757 Spencer Street
Las Vegas, Nevada 89119
**Attorneys for Defendants
GREEN TREE SERVICING LLC and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION**



EXHIBIT "A"

Investor Account # 6332

**When Recorded Return To:**
Ditech Financial LLC
7360 South Kyrene Road
Tempe, AZ 85283

This document was prepared by Ditech Financial LLC

 [SPACE ABOVE THIS LINE FOR RECORDING DATA] _____

## LOAN MODIFICATION AGREEMENT

**THIS INFORMATIONAL NOTICE IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE CURRENTLY IN BANKRUPTCY OR YOUR ACCOUNT WAS DISCHARGED IN BANKRUPTCY WITHOUT A REAFFIRMATION, THE SERVICER IS NOT ATTEMPTING TO COLLECT OR RECOVER THE DEBT AS YOUR PERSONAL LIABILITY.**

This Loan Modification Agreement ("Agreement"), made this 30th day of March, 2016, between ARLENE A. CIPRIANI ("Customer") and Ditech Financial LLC ("Lender"), amends and supplements 1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 11/06/2012 and recorded in Book or Liber 201211060000052, at page(s) 20, and/or Document# N/A of the Clerk Records of Clark County and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

1527 PLAIN SIGHT AVE
HENDERSON, NV 89014



the real property described in the above-referenced Security Instrument.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 04/01/2016, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $199,571.42 consisting of the unpaid amount(s) loaned to Customer by Lender plus any interest and other amounts capitalized.

2. $59,871.43 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Customer will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $139,699.99. Interest at the rate of 2.00000% will begin to accrue on the Interest Bearing Principal Balance as of 04/01/2016 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 05/01/2016. The new Maturity Date will be 04/01/2056 (the "Maturity Date"). The new monthly payment amount does not include any amounts owed for escrow. Customer may refer to the monthly billing statement for the escrow amount owed. Customer's payment schedule for the modified Loan is as follows:



LOAN MODIFICATION AGREEMENT -Single Family-Fannie Mae UNIFORM INSTRUMENT        Form 3179  1/01(rev. 01/09)

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 04/01/2016 | $423.05 | $206.44 adjusts annually after year 1 | $629.49 adjusts annually after year 1 | 05/01/2016 | 60 |
| 6 | 3.000% | 04/01/2021 | $491.48 | Adjusts Annually | Adjusts Annually | 05/01/2021 | 12 |
| 7-40 | 3.750% | 04/01/2022 | $545.18 | Adjusts Annually | Adjusts Annually | 05/01/2022 | 408 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |



3. Customer agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Customer sells or transfers an interest in the Property, (ii) the date Customer pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Customer makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Customer is not a natural person and a beneficial interest in Customer is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Customer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Customer must pay all sums secured by the Security Instrument. If Customer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Customer.

Customer understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Customer's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Customer and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

LOAN MODIFICATION AGREEMENT -Single Family- Fannie Mae UNIFORM INSTRUMENT                    Form 3179  1/01(rev. 01/09)

(e) Customer acknowledges that Lender is required to report any debt forgiveness to the Internal Revenue Service which may result in consequences regarding Customer's federal, state or local tax liability. In addition, Customer understands that if Customer receives public assistance, the forgiveness of debt may affect Customer's eligibility for these benefits. Customer acknowledges that Lender cannot provide any advice or guidance regarding possible tax consequences or effect on any public assistance benefits. Customer further acknowledges that Lender has advised that Customer may wish to consult with a tax professional about any possible tax consequences and/or their public assistance office regarding other consequences that may result from the forgiveness of debt.

(f) Customer agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Customer.

(g) Customer authorizes Lender, and Lender's successors and assigns, to share certain Customer public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Customer's account balances and activity, with an authorized third Agency or similar entity that is assisting Customer in connection with obtaining a foreclosure prevention alternative, including the trial period plan to modify Customer's account ("Authorized Third Party").



Customer understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Customer's account), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the trial period plan to modify Customer's account, to any insurer, guarantor, or servicer that insures, guarantees, or services Customer's account or any other mortgage account secured by the Property on which Customer is obligated, or to any companies that perform support services to them in connection with the account or any other mortgage account secured by the Property on which Customer is obligated.

Customer consents to being contacted by Fannie Mae, Lender or Authorized Third Party concerning mortgage assistance relating to Customer's account.

6. Intentionally Deleted.

By this paragraph, Lender is notifying customer that any prior waiver by Lender of Customer's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Customer has been advised of amount needed to fund the escrow items.

7. Customer also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Customer's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Customer is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Customer waives any Timely Payment Rewards rate reduction to which Customer may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8. Customer understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Customer's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Customer and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Customer agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Account Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

In Witness Whereof, the Lender and I have executed this Agreement.

Ditech Financial LLC
Lender

By: _____
Date: 6/9/16

Jeff D. Koenig
Director of Default Services

_____ Arlene A. Cipriani (Seal)
Customer
4-26-2014
Date

_____(Seal)
Customer

_____
Date

Account#: 623149895

_____ [SPACE BELOW THIS LINE FOR ACKNOWLEDGEMENTS] _____

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF CONTRA COSTA )

I, Lisa White, declare that I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 2175 N. California Blvd., Suite 645, Walnut Creek, California 94596-3502.

On the date shown below, I served the document(s) described as **STIPULATION AND [PROPOSED] ORDER OF DISMISSAL** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐   BY MAIL: as follows:
  ☐   STATE - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
  ☐   FEDERAL – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with postage thereon fully prepaid.

☐   BY PERSONAL SERVICE as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐   BY OVERNIGHT COURIER SERVICE as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒   BY ELECTRONIC MAIL as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐   BY FACSIMILE as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒   STATE     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   FEDERAL   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on July 13, 2016, at Walnut Creek, California.

LISA WHITE

PROOF OF SERVICE

1680700.1

## SERVICE LIST
### Arlene Cipriani v. Green Tree Servicing, LLC, et al.
U.S.D.C., District of Nevada (Las Vegas), Case No. 2:14-cv-00612 RFB CWH
W&W File No. 1556-018
[Revised: 5/18/2016]

| | |
|---|---|
| Venicia G. Considine, Esq.<br>Debra Bookout, Esq.<br>LEGAL AID CENTER OF SOUTHERN NEVADA, INC.<br>725 E. Charleston Blvd.<br>Las Vegas, NV 89104 | **Attorneys for Plaintiff**<br>**ARLENE CIPRIANI**<br>Tel.: (702) 386-1070 x 1437<br>Fax: (702) 386-1437<br>Email: vconsidine@lacsn.org<br>dbookout@lacsn.org |